**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JOSH DIEHL, on behalf of
himself and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                           Case Number:

TEAM ST. PETE, INC. d/b/a
DOMINO'S PIZZA,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Named Plaintiff, JOSH DIEHL, individually and on behalf of all other similarly situated employees (collectively "Plaintiffs"), brings claims as a Collective Action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* (the "FLSA"), against Defendant Team St. Pete, Inc., d/b/a Domino Pizza ("Defendant"), and alleges as follows:

**INTRODUCTION**

1.    This lawsuit is a collective action brought by Named Plaintiff, Josh Diehl, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 *et seq.* ("FLSA"), on behalf of himself and all similarly-situated individuals, who worked as an assistant manager for Defendant during the last three years.

2.    This lawsuit is a result of Defendant's failure to pay Plaintiffs all lawfully earned and due wages, specifically unpaid overtime.

3. Additionally, Defendant regularly changed the hours that Plaintiff worked that resulted in a shortage of Plaintiff's hours each work week. In one instance, one of Plaintiff's paychecks did not account for fifteen hours that Plaintiff worked for Defendant.

4. Plaintiff was regularly scheduled for at least forty-five hours per week but was typically paid for only forty hours per week, or less.

5. Defendant knows that its hourly-paid employees regularly do not receive all wages due to them for hours worked beyond the threshold of forty hours per workweek because, in fact, Defendant changes the employees' time records.

6. Defendant owes Plaintiff one-and-a-half times his regular rate of pay for work performed beyond the threshold of forty hours per workweek.

7. The putative class Plaintiff seeks to have certified is defined as follows:

**All individuals who were employed or are currently employed by Defendant as an Assistant Manager in the United States during the three years preceding the filing of this lawsuit through the date of judgment.**

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer ... in any Federal or State court of competent jurisdiction."

9. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant resides in and conducts business within this District. In addition, a substantial

part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District

## PARTIES

11. Defendant is a franchisee of Domino's restaurants, and operates approximately sixteen (16) Domino's stores located in and around St Petersburg, Florida.

12. Defendant is an employer as defined under the FLSA, 29 U.S.C. § 203(d).

13. Defendant at all times relevant to this action, engaged in interstate commerce as defined by the FLSA, 29 U.S.C. § 203(s).

14. The annual gross sales volume of Defendant exceeded $500,000.00 per year at all times relevant to this action.

15. Plaintiff Josh Diehl currently is a resident of St. Petersburg, Florida. Additionally, Plaintiff worked for Defendant as a non-exempt Assistant Manager during the applicable statute of limitations period.

16. Plaintiff was employed by Defendant as an "employee" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. §203(e)(l) and regularly worked in excess of 40 hours per week.

## GENERAL ALLEGATIONS

17. Defendant pays Plaintiff and all Assistant Managers (hereinafter "the Putative Class Members") who are similarly situated on an hourly basis.

18. Defendant classified Plaintiff and the Putative Class Members as "non-exempt" under the FLSA.

19. Plaintiff and the Putative Class Members were not paid overtime for all hours worked, including as to time spent working off the clock.

20. Plaintiff worked as an assistant manager for Defendant from approximately May 20, 2019 through August 16, 2019.

21. Plaintiff's rate of pay was $10.50 per hour, and was typically scheduled for and worked approximately 40-50 hours per week.

22. However, Defendant typically only paid Plaintiff for 40 hours of work per week.

23. Defendant also violated the FLSA by failing to keep accurate time records.

24. Plaintiff and the putative class members were subject to Defendant's uniform policies and practices and were victims of Defendant's scheme to deprive them of regular wages and overtime pay. As a result of Defendant's improper and willful failure to pay Plaintiff and the putative class in accordance with the requirements of the FLSA, Plaintiff and the putative class lost wages and suffered other damages.

## COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff re-asserts and re-alleges the allegations set forth in paragraphs 1-7, 11-16, and 17-24 above.

26. Plaintiff bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) defined as follows:

> **All individuals who were employed or are currently employed by Defendant as an Assistant Manager in the United States during the three years preceding the filing of this lawsuit through the date of judgment**.

27. The FLSA claim may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

28. Plaintiff, individually and on behalf of all other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to accurately record all hour worked and failing to pay employees for all hours worked, including overtime compensation.

29. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action.

## **COUNT I – FLSA OVERTIME VIOLATION**

30. Plaintiff re-assert and re-allege the allegations of paragraphs 1-7, 11-24, and 26-29 above.

31. Defendant violated the FLSA by failing to pay for all overtime hours worked. In the course of perpetrating these unlawful practices, Defendant also willfully failed to keep accurate records of all hours worked by their employees.

32. Section 13 of the FLSA, codified at 29 U.S.C. § 13, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemption apply to Plaintiff.

33. Plaintiff, and all similarly situated employees, are entitled to damages equal to the mandated overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

34. Defendant acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).

35. Alternatively, should the Court find Defendant did not act willfully in failing to pay overtime pay, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

36. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## **PRAYER FOR RELIEF**

*WHEREFORE*, Plaintiff and all employees similarly situated who join in this action demand:

a. Issuance of notice as soon as possible to all Assistant Managers who were employed by Defendant during any portion of the three years immediately preceding the filing of this action. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime compensation for all hours worked over forty in any week during the statutory period;

      b.      Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

      c.      Judgment against Defendant that its violation of the FLSA were willful;

      d.      An equal amount to the overtime damages as liquidated damages;

      e.      To the extent liquidated damages are not awarded, an award of prejudgment interest;

      f.      All costs and attorney's fees incurred in prosecuting these claims;

      g.      Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

      h.      Leave to amend to add claims under applicable state laws; and

      i.      For such further relief as the Court deems just and equitable.

## **DEMAND FOR A JURY TRIAL**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated this 24th day of October, 2019.

                Respectfully submitted,

                /s/ Brandon J. Hill
                **BRANDON J. HILL**
                Florida Bar Number: 0037061
                **WENZEL FENTON CABASSA, P.A.**
                1110 N. Florida Avenue, Suite 300
                Tampa, Florida 33602
                Main Number: 813-224-0431
                Direct Dial: 813-337-7992
                Facsimile: 813-229-8712
                Email: bhill@wfclaw.com
                Email: jcornell@wfclaw.com
                Email: rcooke@wfclaw.com

                **Attorneys for Plaintiff**